**In re EDGERSON et al.**

[Cite as *In re Edgerson* (2001), 144 Ohio App.3d 113.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77442.

Decided May 31, 2001.

*Patricia Koch Windham,* Cuyahoga County Assistant Public Defender, for appellant.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Joseph C. Young,* Assistant Prosecuting Attorney, for appellee C.C.D.C.F.S.

*Charles E. Feuer,* for guardian *ad litem.*

---

PATRICIA ANN BLACKMON, Judge.

This appeal concerns a remand order issued by this court to the juvenile court requiring it to settle the record in this case. The evidence establishes that the tapes of the hearing were lost and cannot be processed. Because appellant Yvette Chisholm did not appear at the hearing, she cannot provide this court with an App.R. 9(C) statement. Chisholm, in the original appeal, asked this court to order the trial court to set a new permanent custody hearing. Thereafter, we returned the case to the trial court with an order to settle the record. In response, the trial court adopted an App.R. 9(C) statement prepared by the appellee, the state of Ohio. Appellant argues that the trial court has not satisfied this court's remand order and that the appellee's statement of the evidence is antithetical to the spirit and the intent of App.R. 9(C). Chisholm assigns the following errors for our review:

"I. The trial court erred in denying appellant's motion to strike the statement of evidence.

"II. The trial court failed to comply with the order of the appellate court on remand.

"III. The evidence submitted in the statement of evidence fails to support the court's order granting permanent custody."

This appeal raises concerns regarding the appropriate course of action to be taken when an appellant does not appear at a hearing and the trial court cannot produce a transcript of the proceedings. Having reviewed the arguments of the parties, we again remand the case to the trial court to complete the record.

The facts of this case are uncontroverted. The state moved for permanent custody of Chisholm's minor children. Despite proper service, Chisholm did not appear at the hearing. Upon filing an appeal, she could not produce a transcript of the hearing because the transcript was lost, unavailable, or not recorded as is the custom and practice of the juvenile court.

Chisholm, upon learning of this fact, filed a petition with this court to remand the matter for a new hearing. Her lawyer provided an affidavit from the clerk explaining that the juvenile court tapes could not be obtained in a timely fashion. The second affidavit from the clerk stated the following:

"I was recently informed by my supervisor that there are no tapes available in the above mentioned case."

After reviewing these affidavits, we remanded to the trial court to complete the record. We can only surmise from the written documents that the trial judge in response to our remand order requested that the state prepare the App.R. 9(C) statement of the evidence, which bears the trial judge's signature to a document prepared by the state titled "Statement of the Evidence." We again surmise that the trial court chose this avenue as opposed to a new hearing.

Chisholm argues in her first assigned error that the state's Statement of the Evidence, signed, approved, and filed by the trial court, is antithetical to App.R. 9(C). We agree. App.R. 9(C) does not contemplate an appellee preparing the statement. App.R. 9(C) states: "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the *appellant* may prepare a statement of the evidence or proceedings from the best available means * * *." (Emphasis added.) App.R. 9(C) explicitly grants permission solely to the appellant to produce a 9(C) statement of the evidence. Consequently, the evidence submitted by a party other than the appellant is a 9(C) statement of the evidence in name only and cannot be adopted by the trial court for purposes of completing the record. The trial court erred in denying Chisholm's motion to strike the state's titular 9(C) statement of the evidence. We sustain Chisholm's first assigned error.

Chisholm's second assigned error is troubling. Appellant argues that our remand, in essence, ordered the trial court to hold a new hearing. We are not so persuaded. We agree that the trial court did not complete the record. However, it is within the trial court's discretion whether to hold a new hearing.

Various mechanisms exist for the trial court to complete the record for appeal when all or part of the record is unavailable. For instance, App.R. 9 permits an appellant to prepare a statement of the evidence, or the parties to submit an "agreed statement of the case."

Moreover, the trial court, if necessary, could conduct an evidentiary hearing, appellant and appellee could work together and produce a 9(D) statement of the case, or appellant, if she so chooses, could try again to produce a 9(C) statement.

Accordingly, we conclude that the trial court has discretion to choose the best avenue to complete the record, and it may not delegate that responsibility to an appellee. Consequently, Chisholm's first assigned error is sustained, and her second assigned error is overruled. The third assigned error is moot.

*Judgment reversed*
*and cause remanded.*

Anne L. Kilbane and Frank D. Celebrezze, Jr., JJ., concur.